# FIFTH AMENDED COMPLAINT
# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA <u>TALLAHASSEE</u> DIVISION

*5th Amended*

## CIVIL RIGHTS COMPLAINT FORM

<u>DONALD JAMES COTTERMAN</u>
<u>  13001261  </u>

vs.

Case <u>No.4:14-cl-642-mw/cas</u>

<u>Sheriff Charlie Creel</u>
<u>Dep. Clarence Morrison</u>
<u>Maj. Jared Miller</u>
<u> Capt. Jackie Martin</u>
<u>Dep. Jeff Carroll</u>
<u>Pros. Brian Miller</u>

I. **PLAINTIFF:**

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: DONALD JAMES COTTERMAN
Inmate Number: 1300126 1
Prison or Jail: WAKULLA COUNTY JAIL
Mailing address: 15 OAK St
CRAWFORDVILLE, FLORIDA
32327

II. **DEFENDANT(S):**

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: CHARLIE CREEL
Official position: SHERIFF
Employed at: WAKULLA COUNTY JAIL
Mailing address: 15 OAK St
CRAWFORDVILLE FLORIDA 32327

(2) Defendant's name: CLARENCE TREY MORRISON
Official position: DEPUTY (UNDER SHERIFF)
Employed at: WAKULLA COUNTY JAIL
Mailing address: 15 OAK St
CRAWFORDVILLE, FLA. 32327

(3) Defendant's name: JARED MILLER
Official position: MAJOR
Employed at: WAKULLA COUNTY JAIL
Mailing address: 15 OAK St
CRAWFORDVILLE, FLA. 32327

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

4) DEFENDANT'S NAME: <u>Jackie Martin</u>
   OFFICIAL POSITION; <u>Captain</u>
   EMPLOYED AT; <u>Wakulla County Jail</u>
   MAILING ADDRESS; <u>15 Oak St.</u>
   <u>Crawfordville, Fla. 32327</u>

5) DEFENDANT'S NAME; <u>Jeff Carroll</u>
   OFFICIAL POSITION; <u>Deputy</u>
   EMPLOYED AT; <u>Wakulla County Jail</u>
   MAILING ADDRESS; <u>15 Oak St.</u>
   <u>Crawfordville, Fla. 32327</u>

6) DEFENDANT'S NAME; <u>Brian Miller</u>
   OFFICIAL POSITION; <u>Prosecutor</u>
   EMPLOYED AT; <u>Wakulla County Court House</u>
   MAILING ADDRESS; <u>3056 Crawfordville Hwy</u>.
   <u>Crawfordville, Fla. 32327</u>

III.  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

IV.  **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.  Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )      No(X)

1.  Parties to previous action:
    (a) Plaintiff(s): _____
    (b) Defendant(s): _____
2.  Name of judge: _____  Case #: _____
3.  County and judicial circuit: _____
4.  Approximate filing date: _____
5.  If not still pending, date of dismissal: _____
6.  Reason for dismissal: _____
7.  Facts and claims of case: _____

**(Attach additional pages as necessary to list state court cases.)**

B.  Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )      No(X)

1.  Parties to previous action:
    a.  Plaintiff(s): _____
    b.  Defendant(s): _____
2.  District and judicial division: _____
3.  Name of judge: _____  Case #: _____
4.  Approximate filing date: _____
5.  If not still pending, date of dismissal: _____
6.  Reason for dismissal: _____

3

7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )          No(X)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____  Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )          No(X)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____  Case Docket # _____
4. Approximate filing date: _____  Dismissal date: _____
5. Reason for dismissal: _____

4

5 of 15

## Count One: 1st, 5th, 8th, and 14th Amend., Federal Rules 5.15, 6.3, 6.4, 9.1, 9.2, 9.3, 9.3.4, 11.2, 11.6.3, 13.17, Wakulla County Jail Manual and the Florida Model Jail Standards (Violations)

Plaintiff is a pretrial detainee; with pending charges in the Wakulla County Jail still as of May 2015. On 8-28-14 Judge Johnson secretly contacted these four **(Sheriff Creel, Maj. Miller, Deputy Morrison, Capt. Martin)** having them to assist her in illegally punishing this Plaintiff.

Obviously none of the Defendants will divulge to the Plaintiff who all is guilty of conspiring with Judge Johnson to commit these illegal acts against Plaintiff. The four Defendants are responsible for the every day operation here at Wakulla County Jail and after speaking with Judge Johnson the four defendant(s) did do the following for Judge Johnson therefore are liable.

*Due Process prohibits a state from punishing a pretrial detainee at all until he is lawfully convicted of a crime* (See Bell vs. Wolfish, 441 U.S. 520: Hamm vs. DeKalb, 774 F. 2d 1567); *Hamilton vs. Lyons, 74 F. 3d.99, 104 (5th Cir. 1996) stating that expressed intent by officers punish pretrial detainee shows unconstitutional pretrial punishment.*; *Hause vs. Vaught, 993 F. 2d 1079, for example, an intent to punish may be inferred when the condition is excessive in relation to the legitimate purpose assigned to it.* Bell, 441 U.S. at 538, 99 S. Ct. at 1874; Hamilton, 74 F. 3d at 104. Yet Judge Johnson secretly has these four Defendants place this Plaintiff in supposedly "Administrative Segregation" even though a Disciplinary Report has not found Plaintiff guilty of "ANYTHING" by Judge Johnson or by Wakulla County Jail.

The four Defendants had Plaintiff placed in Administrative Segregation on 8-28-14 when Plaintiff returned from Judge Johnson's court. These four defendants raised plaintiff's security from a 2 to a 3. These four defendants took **"all"** Plaintiffs privileges away, including the privileges guaranteed by the Constitutional and Federal Rules which has created a significant departure from incidents of everyday jail life, depriving plaintiff of his liberty, without Due Process of law.

1. **Fed.R. 11.2**; prisoners in administrative segregation retain "ALL" privileges, such as visits, phone, exercise etc. (Plaintiff has been denied all privileges)
2. **5th and 14th Amendment, and Fed.R. 13.17**; protects *"liberty"* segregation can deprive an inmate of Constitutional protected liberty. (clearly the defendants actions to lock me up for someone else, take

everything, raise my security without being found guilty of anything violates my liberty)

3. **5th and 14th Due Process, and Fed.R. 11.2:** <u>significant departure from ordinary life *"Due Process"* protection applies.</u> **Fed.R. 6.4** <u>"however Sandin does not mean a prisoner can be placed in confinement without *Due Process*"</u> (plaintiff was placed in confinement by the four defendants without "any" Due Process)

4. **9.3.10- Pre hearing Detention and Emergencies:** <u>as long as conditions of confinement dose not constitute punishment</u> (the four defendants have placed me in confinement, raised my security, and taken all privileges so obviously what is being done to plaintiff is punishment)

5. **6.3.1 Constitutionality of the Use of Isolation Confinement:** <u>However, when a prisoner alleged that he suffered excessive administrative segregation as discipline without *"Due Process"* he was entitled to show that his administrative segregation constituted atypical and significant hardship in relation to the ordinary incidents of prison life.</u> (Because the four defendants are punishing plaintiff so maliciously, taking away all privileges, including the ones guaranteed by the constitution, without a disciplinary report, being found guilty of anything, or any type of Due Process, that constitutes atypical and significant hardship to everyday life plaintiff would be entitled to in regular population)

Those four defendants even sent e-mails to all other Wakulla County Jail employees notifying the employees of plaintiff's security raise and the entire privileges plaintiff was to be denied. A sign was placed on the outside Plaintiffs confinement cell door stating **"PER UNDER SHERIFF"** with a list of things plaintiff was not to get as a reminder to the staff.

Plaintiff is not to get TV, water cooler, church, phone, visits, canteen (not even hygiene, clothing, writing material), no mail (in or out except to or from my lawyer), no programs, not even exercise from 8-28-14 till 1-21-15, (I was allowed nothing) which is malicious, making plaintiff suffer grievously and depriving plaintiff of his Constitutional protected liberty.

6. **1st Amendment Right to Freedom of Speech**, (plaintiff has not been allowed any contact by mail or phone with any family, friends, or plaintiffs children for 9 months now) **Fed.R. 5.15**,<u>Use of Phone; prisoners retain their 1st Amendment Right to communicate with family and friends. Courts determined there is no legitimate Government purpose to be achieved by not allowing prisoners access to the phone and such is protected by the 1st amendment.</u> **Fed.R. 6.3,**

Supreme Court held in ***Turner vs. Sannd; Procunnier vs. Martinez; Thornburgh vs. Abbott;*** 1st Amendment Right to **"FREE WORLD CORRESPONDENCE"** ***McNamara vs. Moody***, prison held to violate a prisoners Constitutional Rights by refusing mail, must limit to concrete violation such as escape, plans for disruption of the prison system, work routine, plans for importing contraband. (The four defendants have not allowed me any contact with any one and all incoming and out going mail is checked in compliance with the ***Florida Model Jail Standards*** so there is no reason to keep me from my loved ones who do provide me assistance)

7. **Fed. R. 11.6.3 Exercise:** 14th Amendment requires adequate opportunity for exercise. The ninth circuit concludes that 90 minutes per week constitutes punishment for purpose of a 1983.( the four named defendants denied Plaintiff exercise from Aug. 28, 2014 till Jan. 21, 2015, not even allowed out of a confinement cell to walk around)

8. **Fed. R. 6.7;** Federal Courts will provide relief for deprivation of a prisoners constitutional rights to be free of ***"Cruel and Unusual Punishment"*** during his stay in confinement, when conditions of confinement became such that a prisoner is deprived of personal hygiene. (These four named defendants have not allowed this plaintiff to order anything from commissary including hygiene. Plaintiff had to fill out several sick calls and see a doctor where this plaintiff was placed on antibiotics because of some type of fungus do to lack of hygiene causing plaintiffs body to be covered in sores. Plaintiff is not even allowed to order clothing like thermals to stay warm, writing material or pens to write up legal work. This jail does not provide any pens, only a golf pencil and because of the denied access to family to receive funds for commissary and being denied any type of commissary Plaintiff can not order simple writing materials to assist in doing legal work)

9. **Fed. R. 11.2 Classification:** ***Calldopoli vs. Nortin*** raised security hinders or precludes eligibility for programs creates a **" Grievous loss"** and was imposed in the absence of basic elements of rudimentary **"Due Process".** (These four defendants raised my security from a level 2 too a level 3, which was imposed without no type of disciplinary reports or other rule violation to justify it, which has not allowed this plaintiff to attend religious services or any other programs)

The four Defendant(s) have an ethical duty to not punish their pretrial detainees for "**ANY**" outsiders, not retaliate for outsiders, not treat pretrial detainees inhumane, and provide "***FUNDAMENTAL FAIRNESS and DUE PROCESS***" before taking a pretrial detainees "***LIBERTY***" or any other type of privileges. The four defendants acted against me secretly for Judge Johnson, which has violated my Constitutional Rights and are accountable since they are responsible for the operations of Wakulla County Jail.

10. <u>**Fed. R. 9.3.4;** the right to be heard before being condemned to suffer grievous loss of "**ANY**" kind is a principle basic to our society.</u>( the four defendant(s) placed Plaintiff in segregation, condemned plaintiff, where plaintiff has been forced to suffer for 9 months now without any type of disciplinary findings to justify the sever treatment I've been forced to endure. When mentioning this treatment to Judge Johnson in court Sept. 2014, her response was to file a civil suit on the Wakulla County Jail, indicating she wasn't the one responsible yet I have evidence that she secretly requested these defendants do all this to me and I will not be released until (she) Judge Johnson gives the jail permission. Even though Judge Johnson denied being responsible, Plaintiff received evidence from the prosecutors office proving Judge Johnson is behind secretly contacting these four defendants, having them illegally punish this Plaintiff)

11. <u>**Fed. R.6.3;** 8th Amendment violation when punishment unnecessarily cruel in view its disproportionate to the offense.</u> (Being forced to live without any type of privileges since Aug. 28, 2014, even the ones guaranteed by the Constitution. Not being allowed contact with my family, kids, or friends when all my mail goes out a confinement cell door into the staffs hands to be checked in accordance with the ***Florida Model Jail Standards***, and every other supporting facts in this complaint, because these four defendants acted on behalf of Judge Johnson is ***UNNECESSARILY CRUEL and DISPROPORTIONATE***)

12. <u>**Fed. R. 9.1;** Supreme Court in *Wolf vs. McDonnell*; held you could not impose segregation if there was not substantial evidence of misconduct.</u> (The four defendants imposed this segregated treatment on me August 28, 2014 for Judge Johnson without a Disciplinary Report, Due Process to be able to defend myself, which without Due Process there is no relief making this segregation indefinite)

**COUNT TWO: 1<u>ˢᵗ Amend. (Retaliation), 5ᵗʰ & 14th (Right to Property), 8ᵗʰ Amend. (Cruel and Unusual Punishment), Wakulla County Jail Manual, Florida Model Jail Standards, Fed R. 9.2, 9.3,&13.11 (Violations)</u>**

On 9-11 14, Prosecutor Miller conspired with these four defendant(s), **Sheriff Creel, Deputy Morrison, Major Miller and Captain Martin** at Wakulla County Jail. Mr. Miller contacted them and had them issue orders to go to Plaintiffs confinement cell and take all Plaintiffs legal material, all Plaintiffs mail, all Plaintiffs writing paper, pencils, go through it, make copies and give the copies to Prosecutor Miller. The four defendant(s) gave orders then to place all of the rest of Plaintiffs property in storage depriving Plaintiff of all property in the middle of my trial. I was not present nor gave them permission as required by law, Wakulla County Jail Manual, when dealing with a inmates legal material. Mr. Miller is supposed to get a warrant if he wishes to obtain or go through my legal material. ***State vs. Carter*, 322 N.C. 709, 370 S.E. 2d 553(1988),** <u>if a suspect is in custody, police must obtain a warrant</u>. My legal material is confidential and Mr. Miller used his official position to gain special privileges in violation of Fla. Stat. Sec. 112.313(6) & Fla. Stat. 838.022 Abuse of Authority and Official Misconduct, a felony. He had the four defendants assist him in going through and getting copies of my legal work so he did not have to get a warrant. I was deprived of my property and unable to correspond with my attorney, news groups, the courts, etc. Which denied me ***<u>Freedom of Speech and Free World Correspondence</u>?*** This is ***<u>Cruel and Unusual Punishment</u>*** taking away all my ways to communicate. Mr. Miller does not have the authority nor the right to contact these four defendant(s) at this facility and have my rights violated. Mr. Miller definitely does not have the right to obtain any copies of any of my legal material or anything else of my personal property. These four defendant(s) assisted Mr. Miller. Therefore Mr. Miller and the four Defendant(s) are accountable as they are responsible for the operation of this jail and should not have acted on Mr. Millers request.

  **A.B.A. D.R. 7-107, Code of Professional Conduct (b) a lawyer or law firm associated with the prosecutor or the defense or a criminal matter shall not from the time of the filing of a complaint, information or indictment, the issuance of a arrest warrant, or arrest until the commencement of the trial or deposition without trial, make or participate in making an extra judicial statement that a**

**reasonable person would expect to be disseminated by means of public communication and that relate to;** (**Mr.** Miller made a phone call to these four defendants ( **Extra Judicial Statement**) making this case personal)

**Although prosecutors are advocates for the government, outside motivations or biases are not allowed to influence how a prosecutor proceeds in a criminal matter.** Mr. Miller clearly took his involvement in this case " outside the court room" which violates the Due Process Clause of the 5th and 14th amendment proving Mr. Miller has personal interest in the outcome of this litigation.

On September 15, 2014 when I informed Judge Johnson of what Mr. Miller did he admitted to it and the Judge ordered Mr. Miller to return all my property. Mr. Miller and these four defendants are not allowing me "***Due Process***" or treating me with ***"Fundamental Fairness"***. *(See Fed. R. 9.2)* If I'm accused of anything I am entitled adequate notice and to an opportunity for a fair hearing. *(See Fed. R. 9.3)*

*Fed. R 13.11;* punitive if the act was done intentionally and maliciously. Mr. Miller has given him and his office the upper hand by getting copies of my legal material. Clearly they now know what secrets the defense has and our trial strategy.

## Count Three: 6th & 8th Amendments, Fed. R. 13.11, Wakulla County Jail Manual, Florida Model Jail Standards (Violations)

On 8-29-14, here at Wakulla County Jail, Plaintiff had a seizure in the evening, which resulted in Plaintiff falling and splitting his head open and urinating in his cloths in Plaintiffs confinement cell. Lt. Martin caught Plaintiff cleaning the blood off his head in the shower and sent Deputy Carroll to his cell. Deputy Carroll took Plaintiff to medical for treatment. Nurse Stephanie who stated Plaintiff needed to have the split "GLUED" shut saw plaintiff. Immediately after this statement Deputy Carroll took Nurse Stephanie into a separate room and shut the door. When they both came back a few minutes later Plaintiff did not get the treatment Nurse Stephanie stated. Nurse Stephanie cleaned the split and put antibacterial cream on it and that was it.

Obviously Deputy Carroll having a private conversation with Nurse Stephanie altered my treatment, denying Plaintiff the proper medical treatment. Deputy Carroll is acting on the e-mail sent by the four other

defendant(s) (**Creel, Martin, Miller, and Morrison**) to deny Plaintiff everything, which is *Retaliation and Cruel and Unusual Punishment*.

Although the four defendant(s) named above gave these orders, Deputy Carroll has a professional, ethical duty to not obey orders that cause harm to inmates in his direct care.

After seeing Nurse Stephanie, Deputy Carroll in an act to demoralize and humiliate Plaintiff, forced Plaintiff at tazer threat into a suicide suit. Plaintiff was then placed in a suicide cell with nothing but a mattress and a suicide pad. This is Cruel and Unusual Punishment.

**Fed. R. 13.11;** punitive if the act was done intentionally and maliciously. (Deputy Carroll's defiantly done all this to Plaintiff intentionally and it was malicious)

**Count Four: 5th and 14th Amend. (Right to Property), 8th Amend. (Cruel and Unusual Punishment), Fed. R.13.11, Wakulla County Jail Manual, Florida Model Jail Standards (Violations)**

On 9-23-14 here at Wakulla County Jail Deputy Carroll pasted out the indigent kits (commissary). When Deputy Carroll got to Plaintiff in Plaintiffs confinement cell, Deputy Carroll stated, *"HE LOST"* Plaintiffs. Commissary comes from an outside company in blue plastic boxes already separated by pods so there is no way Deputy Carroll could lose *"ONLY"* plaintiffs. Deputy Carroll is just retaliating and depriving Plaintiff of his property. Again even though **Sheriff Creel, Maj. Miller, Deputy Morrison, and Capt. Martin** gave orders to all the deputies to deny Plaintiff everything Deputy Carroll should not obey orders that violate plaintiffs rights therefore he is responsible

Without these indigent kits (3 stamped envelopes and 3 pieces of paper) Plaintiff cannot correspond with the courts, press, lawyers, or who ever Plaintiff wishes, which is considered *Cruel and Unusual Punishment.* **Fed. R.13.11;** punitive if act was done intentionally and maliciously. (Deputy Carroll obviously keeps harassing Plaintiff, which is apparent through out this complaint proving he is doing this intentionally and maliciously)

**Count Five: 8th Amend. (Cruel and Unusual Punishment), Fed. R.13.11, Wakulla County Jail Manual, Florida Model Jail Standards (Violations)**

On 9-28-14, here at Wakulla County Jail while in confinement, Plaintiff and his cellmate's toilet flooded over. The floor was covered with feces and urine. The over flow even went under the door into the hallway. Plaintiff pushed the cell call button for assistance but was ignored. Plaintiff then kicked the door to get help. At this time Deputy Carroll responded with a group of deputies and a tazer in his hand. The door was open at which time Deputy Carroll acknowledged why we called and kicked the door as he observed the feces and urine all in the cell and hallway. Deputy Carroll stated, " he would get Plaintiff and Mr. Cannon, Plaintiffs cell mate a mop bucket and cleaning supplies". Deputy Carroll did not provide Plaintiff or his cellmate with a mop bucket but forced Plaintiff to sit in unsanitary conditions for several hours. Plaintiff was not provided a mop bucket and cleaning supplies until the next shift.

Again even though **Sheriff Creel, Maj. Miller, Deputy Morrison, and Capt. Martin** gave orders to all the deputies to deny Plaintiff everything, Deputy Carroll should not obey orders that violate plaintiff's rights therefore he is responsible.

It's ***Cruel and Unusual Punishment, Retaliation***, to force Plaintiff to sit in hazardous waste for hours.

**Fed. R.13.11:** <u>Punitive if act was done intentionally and maliciously.</u> (Deputy Carroll continues to intentionally and maliciously find ways to harm plaintiff, as Deputy Carroll forced Plaintiff to sit in hazardous waste for hours)

Deputy Carroll is out of control. He was suspended for being directly involved in spray-painting ***"KKK"*** on an African American Church and has been assisting the other defendant(s) in doing all he can to violate Plaintiffs rights. Deputy Morrison also was caught being involved in ***"Racially Discriminating"*** on the ***"Internet"*** of all places and was demoted, although he still is receiving a pay grade of the ***"Under Sheriff"*** the 2nd in charge here at Wakulla County Jail. If he's still benefiting by receiving his same pay grade then obviously the demotion is a prop. He and the other defendant(s) break the laws, cover up for each other, don't receive punishments, but punish this Plaintiff for a non-employee, without Due Process or Just Cause, making plaintiffs confinement indefinite. What is happening in Wakulla County? ***" Obviously Corruption"***

13 of 15

VI.   STATEMENT OF CLAIMS

COUNT ONE; $1^{ST}, 5^{TH}, 8^{TH}$, and 14th, Amend.;Fed.R. 5.15,6.3,6.4,9.1,9.3.4,9.3,11.2,11.6,13.17, Wakulla County Jail Manual and Florida Model Jail Standards
COUNT TWO; 1st Amend. (Retaliation), $5^{th}, 14^{th}$, Amend. (Right to Property), 8th Amend. (Cruel and Unusual Punishment); Fed.R. 9.2,9.3,13.11, Wakulla County Jail Manual and Florida Model Jail Standards

COUNT THREE; $6^{th}, 8^{th}$ Amend.; Fed.R. 13.11; Wakulla County Jail Manual and Florida Model Jail Standards
COUNT FOUR; $5^{th}, 14^{th}$ Amend. (Right to Property), 8th Amend.; Fed.R. 13.11 Wakulla County Jail Manual and Florida Model Jail Standards
COUNT FIVE; 8th Amend.; Fed.R. 13.11 Wakulla County Jail Manual and Florida Model Jail Standards

**(ALL OTHER CONSTITUTIONAL RIGHTS AND FEDERAL RIGHTS VIOLATIONS KNOWN TO THIS COURT)**

VII.   RELIEF REQUESTED;
Punitive- 1,000,000 (each defendant); Mental Anguish- 1,000,000 (each defendant); Security return to level 2; Placed back in general population; Letters of apology from all defendants to Plaintiff; Defendants to pay all court cost; Deputy Carroll resignation from Wakulla County Jail; Prosecutor Miller removal from Plaintiffs criminal case, with loss of his Bar License for unethical conduct; and anything else this court deems just in favor for this Plaintiff.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENT OF FACTS, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

DATE: 5/5/15        SIGNATURE OF PLAINTIFF: Donald Cotterman

**I DECLARE UNDER PENALTY OF PERJURY THAT THIS COMPLAINT WAS DELIVERED TO PRISON OFFICIALS FOR MAILING THIS  5  DAY OF  MAY   , 2015**

SIGNATURE OF PLAINTIFF  Donald Cotterman

14 of 15

# CERTIFICATE OF SERVICE

I **Donald Cotterman**, hereby certify under the laws of perjury that a true and correct copy of the foregoing, **Fifth Amend Complaint** has been sent by regular U. S. mail to **U.S. District Court, Clerk of Courts, 111 N^th Adams St. Suite 322 Tallahassee, Fla. 32301 and Attorney Peterson, Box 37400 Tallahassee Fla 32315**

on this __5__ day of __May__, 20__15__.

                                                Respectfully Submitted,
                                                Donald Cotterman
                                                Wakulla County Jail
                                                15 Oak St.
                                                Crawfordville, Fla.
                                                       32327

