IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


DONALD JAMES COTTERMAN,

    Plaintiff,

vs.                                          Case No. 4:14cv642-MW/CAS

SHERIFF CHARLIE CREEL, et al.,

    Defendants.

_____/


## O R D E R

The pro se Plaintiff filed his fifth amended complaint on May 7, 2015. Doc. 37. Because Plaintiff's fifth amended complaint also added another Defendant, Brian Miller, Plaintiff was also required to submit one additional copy of this fifth amended complaint for service on Defendant Miller. Doc. 40. Plaintiff has complied, doc. 42, and a separate service order will be entered directing service on that Defendant.

Five of the six named Defendants had previously waived service in this case and filed a motion to dismiss the fifth amended complaint on the basis that Plaintiff did not exhaust administrative remedies as required by the Prison Litigation Reform Act. Doc. 39. Plaintiff was provided an opportunity to respond to the motion to dismiss, demonstrating that he exhausted administrative remedies prior to initiating this case. Doc. 40.

Defendants' motion to dismiss indicates Plaintiff is aware of the grievance procedures in place at the Wakulla County Jail and has submitted grievances on other matters.  Doc. 39 at 2.  However, Defendants contend Plaintiff has not submitted formal grievances on ths issues raised in this case.  *Id.*  Rather, it is asserted that Plaintiff submitted only informal inmate requests which are not considered grievances and, thus, the requests are insufficient to demonstrate exhaustion.

In response to that motion, Plaintiff has claimed that he filed six different grievances but never received a response to his grievances.  Doc. 41 at 2.  Plaintiff contends he received responses back to his other grievances because they concerned the medical department and not "the subject of the foul treatment or" violation of his constitutional rights.  Plaintiff points to copies of grievances he previously submitted in this case (doc. 11) to show that he attempted to grieve these issues.  Doc. 41.  However, he argues that for the issues raised in this case, "not ONE was ever answered or returned to Plaintiff . . . ."  *Id.* at 2.

When the Prison Litigation Reform Act was enacted, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement of § 1997e(a) is mandatory and there is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion

requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons).  The Court may not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander, 159 F.3d at 1323).  Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively.  Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).  "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."  Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007).[1]

A prisoner must also comply with the process set forth and established by the grievance procedures.  See Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).  In other words, not only must a prisoner exhaust a claim under § 1997e(a), the "PLRA exhaustion requirement requires proper exhaustion."  Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying

---

[1] The Court further rejected the view of the Sixth Circuit when it concluded that "nothing in the statute [§ 1997e(a)] imposes a 'name all defendants' requirement." Jones v. Bock, 549 U.S. at 217-219, 127 S.Ct. at 922-923 (concluding "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances.").

with the specific prison grievance requirements, not judicially imposed requirements). Even if a grievance is initially denied as untimely, a prisoner must appeal the denial of the grievance.  See Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999)(noting Georgia's inmate grievance procedures allow "the grievance coordinator to waive the time period for filing a grievance if 'good cause' is shown"); Bryant v. Rich, 530 F.3d 1368, 1373 (11th Cir.), cert. denied, 129 S.Ct. 733 (2008) (citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2392, 165 L.Ed.2d 368 (2006)).  If one claim is unexhausted, the Court may separate that claim out and proceed on only those claims that have been exhausted. Jones, 549 U.S. at 223, 127 S.Ct. at 925 (rejecting a "total exhaustion rule" and requiring dismissal only of those unexhausted "claims," not an entire "action.").

Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies."  Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (relying on Jones v. Bock, 549 U.S. 199, 127 S.Ct. at 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.")); Dixon v. United States, 548 U.S. 1, 8, 126 S.Ct. 2437, 2443, 165 L.Ed.2d 299 (2006) (stating that, as a "general evidentiary rule," the burdens of production and persuasion are given to the same party).

Factual disputes concerning the exhaustion of administrative remedies may be decided by the court sitting as fact-finder, "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  Bryant, 530 F.3d at 1373-74, 1376.  Even though evidence may be presented to support or refute a contention that a prisoner has not exhausted the grievance process, exhaustion is a

"matter in abatement and not generally an adjudication on the merits," thus, it should be raised and treated as a motion to dismiss, not a summary judgment motion. *Id.*, at 1374-75. The Court must assure that a prisoner-plaintiff has fair notice of the opportunity to develop a record to show he or she has exhausted available remedies. When motions to dismiss are based on issues not enumerated under Rule 12(b), then Rule 43(c) governs "which permits courts to hear evidence outside of the record on affidavits submitted by the parties." Bryant, 530 F.3d at 1377, n.16.

On this issue, the record is contradictory. Defendants have submitted sworn evidence showing that Plaintiff did not submit any grievances "concerning any of the issues raised in" the fifth amended complaint. Doc. 39-1 at 2 (Martin affidavit, Ex. 1). Plaintiff contends that he did, although his response is not sworn. Plaintiff submitted copies of his purported grievances, but it is unclear how Plaintiff has such copies in light of his assertion that his grievances were never responded to or returned to him. Doc. 41. Thus, it is necessary to schedule an evidentiary hearing on this issue. Counsel for Defendants shall contact chambers no later than **June 18, 2015**, to schedule the evidentiary hearing at a convenient time no later than **August 7, 2015**. Plaintiff will be notified at a later date as to the scheduled time and date of the hearing.

In anticipation of the hearing, Plaintiff is advised that he should gather any and all documentary evidence that he desires to submit as evidence at the hearing. All such documents must be provided to opposing counsel prior to the hearing, and by a deadline which will be set in a subsequent order.

In addition, Plaintiff should consider whether any other staff or inmates at the jail are in a position to know whether or not Plaintiff exhausted administrative remedies

concerning the claims raised in this case and should appropriately be present at the hearing to give testimony. As a writ will be issued for Plaintiff, no motion need be filed to secure Plaintiff's own attendance at the hearing. Motions must be filed to secure the presence of any other incarcerated person in accordance with the instructions provided below.

    A. VOLUNTARY WITNESSES

This Court will not issue a writ for an inmate witness (other than Plaintiff) unless it is satisfied that the inmate witness is willing to attend <u>and</u> has actual knowledge of facts relevant to the issue of Plaintiff's grievances. The inmate's willingness to testify can be shown in one of two ways. The party wishing to call the witness may submit the affidavit of the witness, in which the witness states he is willing to testify without being subpoenaed. Alternatively, the party may swear by affidavit that the prospective witness has indicated he is willing to testify voluntarily. The affidavit must indicate when and where the witness communicated this willingness.

The prospective witness's actual knowledge of relevant facts can likewise be shown either by affidavit of the witness describing the relevant facts to which he was an eye-witness or an ear-witness, or by affidavit of the party requesting the witness. The party may submit his own affidavit only if he has actual first-hand knowledge that the witness was an eye-witness or ear-witness to the relevant facts. Plaintiff may swear to another prisoner's ability to testify in this case only if Plaintiff is aware that such prisoner was present at the time he submitted grievances and has personal knowledge concerning Plaintiff's grievances. Whether the affidavit is made by the party or the prospective witness, it must be specific about what the witness saw or heard, when and

where the event or incident occurred, who was present, and how the prospective witness happened to be in a position to see or hear what occurred.[2]

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must file a written motion along with the necessary affidavit asking the Court to issue a writ to secure the attendance of the witness. The motion must state the name and place of confinement of each such witness. If the motion is granted the Court will issue the writ necessary to cause the witness's custodian to bring him to Court. The Court has the authority to deny the presence of witnesses who will be giving irrelevant or repetitive testimony or who are threats to security.

B. INVOLUNTARY WITNESSES

An involuntary witness is one that will not attend the hearing without a subpoena. Since Defendants are able to serve subpoenas, this section is applicable only to Plaintiff who presumably cannot arrange for service.

If a prospective witness refuses to testify voluntarily, Plaintiff shall submit a response to this Order which includes a list of the names and addresses of prospective witnesses. He must indicate in the response the anticipated testimony of these witnesses, and whether he has attempted to secure their voluntary attendance. If Plaintiff wishes for the United States to serve the witnesses, he must submit an appropriate sum of money for the Marshal to tender to the witness. A subpoena will <u>not</u> be served by the Marshal upon an unincarcerated witness <u>unless</u> the subpoena is

---

[2] Such facts are especially important if Plaintiff was in confinement during the relevant period of time.

accompanied by a money order made payable to the witness for the full amount of the witness's travel expenses ($0.575 per mile), plus the witness attendance fee of $40.00 (if the witness is needed only one day).  28 U.S.C. § 1821.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

The costs of service of the subpoenas by the Marshal (which is also $40.00 each plus $0.575 per mile) will be advanced by the United States for litigants proceeding in forma pauperis.  However, Plaintiff is warned that the costs of service are items of cost which may be taxed against the losing party after trial.  See 28 U.S.C. § 1920, 1921; FED. R. CIV. P. 54(d).  Costs may be taxed against an indigent.  Harris v. Forsyth, 742 F.2d 1277 (11th Cir. 1984).

If an inmate witness refuses to attend trial voluntarily, then the inmate must be subpoenaed and the Court must issue a writ of habeas corpus ad testificandum.  If Plaintiff wishes to secure the presence of an involuntary inmate witness, he must follow the procedure outlined above (for inmate witnesses) to demonstrate that the witness has actual knowledge of relevant facts, and submit it with a motion, indicating the name and address of the inmate, seeking issuance of a writ and service of a subpoena.  An involuntary inmate witness is not entitled to receive either a witness fee or mileage costs.  28 U.S.C. § 1821(f).

Failure to comply with the foregoing procedures for obtaining attendance of witnesses will result in the exclusion of the witness's testimony.  The Court is aware that an indigent Plaintiff may be precluded from presenting pertinent testimony because of

the ruling in this Order; however, only Congress has the power to appropriate funds for the payment of witness fees and travel expenses for the witnesses whose testimony is sought by indigent civil litigants.

Additionally, Plaintiff filed a motion requesting the appointment of counsel. Doc. 44. Appointment of counsel in a civil case is not a constitutional right, but a privilege that is justified only by exceptional circumstances such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990). At this point in the proceedings, Plaintiff has not demonstrated that these legal issues are either novel or complex. Plaintiff's motion will be denied at this time. After a determination is made that Plaintiff exhausted administrative remedies and a ruling is entered on the motion to dismiss, doc. 39, Plaintiff may renew his motion if he desires to do so. Furthermore, the need for counsel will be independently evaluated and counsel will be sought, if deemed necessary.

Plaintiff also filed a request for mediator. Doc. 43. A mediator seeks to find common ground between the parties so that a settlement of litigation may be reached, obviating the need for trial. That is not the basis of Plaintiff's motion. The motion is denied without prejudice. At this point in the litigation, prior to a determination of the issue of exhaustion, the motion is premature.

Accordingly, it is

**ORDERED**:

1. Counsel for Defendants shall contact chambers no later than **June 18, 2015**, to schedule an evidentiary hearing concerning the motion to dismiss, doc. 39. The

hearing shall take place no later than **August 7, 2015**, limited solely to the issue of exhaustion of administrative remedies.

    2.  Plaintiff shall have until **July 2, 2015**, to submit a motion requesting writs or subpoenas be issued for any persons he believes should provide relevant witness testimony in the evidentiary hearing.

    3.  Plaintiff's motion for the appointment of counsel, doc. 44, is **DENIED without prejudice**.

    4.  Plaintiff's motion for a mediator, doc. 43, is **DENIED without prejudice**.

    5.  Plaintiff shall immediately file a notice to the Clerk's Office in the event that his address changes or he is transferred or released from custody.

    6.  The Clerk shall refer this file upon the filing of Plaintiff's response to this Order requesting witnesses at the evidentiary hearing, or no later than July 2, 2015.

    **DONE AND ORDERED** on June 15, 2015.

                                                  S/    Charles A. Stampelos
                                                  **CHARLES A. STAMPELOS**
                                                  **UNITED STATES MAGISTRATE JUDGE**