# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DONALD JAMES COTTERMAN,**

    **Plaintiff,**

**vs.**                                               **Case No. 4:14cv642-MW/CAS**

**SHERIFF CHARLIE CREEL, et al.,**

    **Defendants.**

_____/

## THIRD REPORT AND RECOMMENDATION

Plaintiff Donald James Cotterman, proceeding pro se, has filed an emergency motion, ECF No. 92,[1] requesting that this Court stop a Florida state court from holding a trial on November 30, 2015, with Brian Miller as the prosecutor. Mr. Cotterman is the Defendant in that state case and Mr. Miller is a Defendant in this case. Mr. Cotterman argues that Mr. Miller improperly obtained some of his legal work and it "would be a serious miscarriage of justice" to proceed to trial with Mr. Miller because he gained an unfair advantage when he accessed Mr. Cotterman's materials. ECF No. 92 at 1.

Mr. Cotterman's emergency motion is construed as a motion for a restraining order. Because of the immediacy of the pending trial, this Report and Recommendation is entered without awaiting a response from Defendants.

---

[1] Each document filed in this case is now referenced "ECF No." (the Electronic Case File) followed by the document number.

The federal courts, by virtue of 28 U.S.C. § 2283, generally lack the power to enjoin pending state court proceedings, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Independent of the statutory limitation on the federal injunctive power, considerations of federalism and comity led to the development of an "abstention doctrine" that directs federal courts to decline a request to enjoin or interfere with pending state court proceedings. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed. 2d 669 (1971).

In Younger, John Harris, Jr. was charged with a crime in a California state court. He filed a complaint in a federal court "asking that court to enjoin the appellant, Younger, the District Attorney of Los Angeles County, from prosecuting him . . . ." Younger, 401 U.S. at 39, 91 S.Ct. at 748. The United States Supreme Court noted that "[s]ince the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." 401 U.S. at 43, 91 S.Ct. at 750. Relying on § 2283, as well as the doctrine of equity jurisprudence and notions of comity, the Court reiterated "that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions." 401 U.S. at 45, 91 S.Ct. at 751.

> But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done.

*Id.*

...

In Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), one of the rare exceptions to the abstention doctrine, the "complaint made substantial allegations" that threats of criminal prosecutions were made against appellants as "part of a plan to employ arrests, seizures, and threats of prosecution under color of the statutes to harass appellants and discourage them and their supporters from asserting and attempting to vindicate the constitutional rights of Negro citizens of Louisiana." Younger, 401 U.S. at 47-48, 91 S.Ct. at 752 (explaining Dombrowski, 380 U.S. at 482, 85 S.Ct. at 1118-19). The Court found that search and arrest warrants were vacated because they lacked probable cause, yet the prosecutor continued to threaten new prosecutions while "holding public hearings at which photostatic copies of the illegally seized documents were being used, and was threatening to use other copies of the illegally seized documents to obtain grand jury indictments . . . ." 401 U.S. at 48, 91 S. Ct. at 752 (explaining Dombrowski). The Court concluded that those circumstances "sufficiently establish[ed] the kind of irreparable injury, above and beyond that associated with the defense of a single prosecution brought in good faith, that had always been considered sufficient to justify federal intervention." *Id.* The Court held:

> But the allegations in this complaint depict a situation in which defense of the State's criminal prosecution will not assure adequate vindication of constitutional rights. They suggest that a substantial loss of or impairment of freedoms of expression will occur if appellants must await the state court's disposition and ultimate review in this Court of any adverse determination. These allegations, if true, clearly show irreparable injury.'

Dombrowski, 380 U.S. at 485-86, 85 S.Ct. at 1120 (quoted in Younger, 401 U.S. at 48-49, 91 S.Ct. at 753).

The Younger Court then distinguished the proceeding brought against Harris:

> Here a proceeding was already pending in the state court, affording Harris an opportunity to raise his constitutional claims. There is no suggestion that this single prosecution against Harris is brought in bad faith or is only one of a series of repeated prosecutions to which he will be subjected. In other words, the injury that Harris faces is solely 'that incidental to every criminal proceeding brought lawfully and in good faith,' and therefore under the settled doctrine we have already described he is not entitled to equitable relief . . . .

401 U.S. at 49, 91 S.Ct. at 753.

This case is more like Younger than it is Dombrowski. The state criminal proceedings were already underway when this federal civil rights case was initiated. Although Mr. Cotterman claims that improper searches were made of his cell, there is no claim that the underlying state criminal prosecution was brought in bad faith to harass Mr. Cotterman. The prosecutor, Mr. Miller, was not even a named Defendant in the original complaint,[2] ECF No. 1. Instead, the claims against Mr. Miller were brought approximately four months later and well into the state criminal proceedings. The "special circumstances" necessary to enjoin a pending state criminal proceeding are not present here. Mr. Cotterman's concerns over the use of illegally obtained documents may be dealt with in filing a motion to suppress. That concern, by itself, is not sufficient to interfere with the state court prosecution absent the additional required showing that the state proceeding was motivated by a desire to harass Mr. Cotterman or was brought in bad faith. *See* Trainor v. Hernandez, 431 U.S. 434, 446, 97 S. Ct. 1911, 1919, 52 L. Ed. 2d 486 (1977) (holding that the district court erred in "refusing to apply the principles of Younger").

---

[2] Mr. Miller was added as a Defendant in the fourth amended complaint, ECF No. 30, filed on March 24, 2015. The active version of the complaint now is the fifth amended complaint, ECF No. 38, filed on May 7, 2015.

In light of the foregoing, it is respectfully **RECOMMENDED** that the emergency motion for a restraining order, ECF No. 92, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 17, 2015.

 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**